UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kristan Jean Mason

     v.                                 Civil No. 21-cv-455-SE
                                        Opinion No. 2022 DNH 065

Kilolo Kijakazi, Acting Commissioner,
Social Security Administration

O R D E R

Kristan Jean Mason challenges the denial of her application for disability insurance benefits pursuant to 42 U.S.C. § 405(g). Mason moves to reverse the Acting Commissioner's decision, arguing that the Administrative Law Judge ("ALJ") erred in determining her residual functional capacity. Doc. no. 10. Specifically, she contends that the ALJ erred by failing to include in the residual functional capacity assessment a limitation that Mason would need to miss multiple days of work each month on or around the days she receives her monthly treatment for her immune deficiency disorder. The Acting Commissioner moves to affirm. Doc. no. 11. For the reasons discussed below, the court grants the Acting Commissioner's motion to affirm and denies Mason's motion to reverse.

STANDARD OF REVIEW

For purposes of review under § 405(g), the court "is limited to determining whether the ALJ deployed the proper legal

standards and found facts upon the proper quantum of evidence."
Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord
Sacilowski v. Saul, 959 F.3d 431, 437 (1st Cir. 2020). The court
defers to the ALJ's factual findings if they are supported by
substantial evidence. Biestek v. Berryhill, 139 S. Ct. 1148,
1153 (2019). Substantial evidence is "more than a mere
scintilla," id., and exists, even if the record could support a
different conclusion, when "a reasonable mind, reviewing the
evidence in the record as a whole, could accept it as adequate
to support [the ALJ's] conclusion," Irlanda Ortiz v. Sec'y of
Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991); accord
Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018).

In determining whether a claimant is disabled, the ALJ
follows a five-step sequential analysis, "such that the answer
at each step determines whether progression to the next is
warranted." Sacilowski, 959 F.3d at 433; 20 C.F.R. §
404.1520(a)(4). The claimant "has the burden of production and
proof at the first four steps of the process." Sacilowski, 959
F.3d at 433. At the first three steps, the claimant must prove
that (1) she is not engaged in substantial gainful activity; (2)
she has a severe impairment; and (3) the impairment meets or
equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

If the claimant meets her burden at the first two steps of the sequential analysis, but not at the third, the ALJ assesses the claimant's residual functional capacity ("RFC") before proceeding to Step Four. Id. § 404.1520(e). RFC measures the maximum amount a person can do in a work setting despite the limitations caused by her impairments. Id. § 404.1545(a)(1). At Step Four, the claimant must establish that her RFC is insufficient to perform any of her past relevant work. Id. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, the ALJ will find that the claimant is not disabled. See id. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ proceeds to Step Five, in which the Social Security Administration has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment as well as the claimant's age, education, and work experience. See id. § 404.1520(a)(4)(v). If such jobs exist, the claimant is not disabled. Id. If they do not, she is disabled. Id.

## BACKGROUND

A detailed factual background can be found in Mason's statement of material facts (doc. no. 10-1) as supplemented by the Acting Commissioner's statement of facts (doc. no. 12) and

3

in the administrative record (doc. no. 8). The court provides a
brief summary of the case here.


I.   First Claim for Disability Benefits

Mason filed her first application for disability insurance
benefits on May 12, 2014, alleging a disability beginning on
February 17, 2014. She claimed a disability due to respiratory
impairment, immune deficiency disorder, affective disorder, and
anxiety.

After the Social Security Administration denied Mason's
claim at the initial level, she requested a hearing in front of
an ALJ. During the hearing, which was held on April 28, 2016,
Mason requested a closed period of disability from February 17,
2014, through April 14, 2015.

On June 15, 2016, the ALJ issued his decision, finding that
Mason was disabled and entitled to benefits through the closed
period. The ALJ noted that on April 15, 2015, the date Mason's
disability ended, she returned to full-time work with no
significant medical limitations.


II.  Second Claim for Disability Benefits

On August 21, 2018, Mason filed a second application for
disability insurance benefits. Mason alleged a disability

4

beginning on August 1, 2017, due to migraines, sinus problems, mental health issues, lower back pain, and arthritis.

The Social Security Administration denied Mason's application at the initial level. Mason then requested a hearing in front of an ALJ. On June 1, 2020, the ALJ held a telephonic hearing, during which Mason testified and was represented by an attorney.

On July 6, 2020, the ALJ issued an unfavorable decision. Under Step One and Step Two, she found that Mason had not engaged in substantial gainful activity since the onset date of her impairments and that Mason had the following severe impairments: recurrent sinusitis, immune deficiency disorder, anxiety, Barrett's esophagitis, and reactive airway disease. Under Step Three, the ALJ found that none of Mason's impairments met or equaled the criteria of any listed impairment. After reviewing the evidence in the record, including medical-opinion evidence and Mason's testimony, the ALJ determined that Mason had the RFC to perform light work except she could only:

> occasionally climb ramps, stairs, ladders, ropes, and
> scaffolds; occasionally stoop, kneel, crouch, and
> crawl. The claimant must avoid concentrated exposure
> to temperature extremes; must avoid moderate exposure
> to respiratory irritants; and was limited to a work
> environment with a moderate noise level per the SCO.
> The claimant could sustain attention and focus well
> enough to complete simple tasks for 2 hour periods
> over an eight hour workday with normal breaks. The
> claimant could perform work that required no more than

occasional interaction with supervisors and co-
workers, no team or tandem work, and no more than
brief interaction with the general public, with no
requirement for intense social demands.

Admin. Rec. at 128.

Relevant to Mason's argument in this case, the ALJ's RFC
assessment does not include a limitation concerning Mason's need
to be absent from work on the days surrounding her immune-
deficiency-disorder treatments. Approximately once a month,
Mason receives an intravenous immune globulin ("IVIG") infusion
to increase her antibodies and help her fight infections. Mason
testified at the hearing that the IVIG infusions, which she
usually receives on Wednesdays, took approximately five or six
hours to complete. She also testified, and her medical records
support, that the infusions generally improved her overall
health and symptoms.

Mason also testified, however, that she began to feel
weaker, more fatigued, and confused approximately two to four
days before each infusion, as the effects of her prior infusion
gradually wore off. She further testified that it often takes
her one or two days after the infusion to start feeling better.
The ALJ's RFC assessment does not include any limitation
regarding Mason's symptoms on or around the day that she
receives the infusion, including that Mason may need to be
absent from work because of those symptoms.

6

In response to hypothetical questions posed by the ALJ, the vocational expert, Michele Erbacher, testified that a person with Mason's age, education, past work experience, and RFC (as assessed by the ALJ) could not perform Mason's past work, but could perform the job duties of occupations existing in significant numbers in the national economy. These occupations included merchandise maker, routing clerk, and mail clerk. Based on the ALJ's RFC assessment and Erbacher's testimony, the ALJ found at Step Four of the sequential process that Mason could not perform any past relevant work, but at Step Five that Mason could perform other jobs and was not disabled.

Although not included in the ALJ's RFC assessment, Erbacher testified that employers in the occupations she identified would tolerate an employee missing one day per month. She also stated: "And a worker who is absent two or more days per month is terminated for being unreliable if they do not correct this rate of absenteeism." Admin. Rec. at 78.

The Appeals Council granted Mason's request for review. On March 24, 2021, the Appeals Council determined that Mason met the Social Security Administration's insured status requirement through December 31, 2019, not June 30, 2019, as the ALJ had

found in her decision.[1] The Appeals Council adopted the ALJ's

other findings. Admin. Rec. at 8-11. This action followed.[2]

## DISCUSSION

Mason argues that the ALJ erred in her RFC assessment.

Specifically, Mason contends that the ALJ should have included a

limitation concerning her need to be absent from work on

multiple days per month around the time she receives her

infusion. She also argues that the ALJ failed to address and

specifically reject the applicability of that limitation. The

Acting Commissioner disputes both arguments.

A claimant's RFC is "the most [the claimant] can still do

despite her limitations." 20 C.F.R. § 404.1545(a)(1). It must be

crafted by an ALJ based on all relevant evidence in the record.

Id. This includes the objective medical evidence, an

individual's statements about the intensity, persistence, and

limiting effects of symptoms, statements and other information

---

[1] Mason's final date of insured status is not relevant to her motion to reverse in this case.

[2] Because the Appeals Council granted Mason's request for review, the Appeals Council's decision is the Acting Commissioner's final decision. 20 C.F.R. § 422.210(a); see Sims v. Apfel, 530 U.S. 103, 107 (2000). The Appeals Council adopted the ALJ's decision in all respects other than Mason's insured status date. Therefore, the court will reference the ALJ's findings in her decision when discussing Mason's arguments.

provided by medical sources and other persons, and any other
relevant evidence in the individual's case record. See 20 C.F.R.
§ 404.1529(c)(3).

The parties agree that there is no medical opinion evidence
in the record regarding Mason's need to be absent from work on
the days surrounding her infusion. Rather, Mason contends that
the ALJ was required, but failed, to address adequately her
testimony concerning her symptoms around her infusion date. The
court disagrees.

The ALJ discussed Mason's testimony regarding her infusion
and surrounding symptoms in the decision:

> The claimant testified that she receives monthly
> infusions administered by a nurse. An infusion takes
> about five to six hours to administer once a month.
> The few days prior to her infusion she experiences
> fatigue and fogginess. After her infusion, she stated
> that she stays close to her house and rests the
> following day. It takes about one to two days for her
> body to recharge after the infusion.

Admin. Rec. at 129. She subsequently found that Mason's
statements concerning the intensity, persistence, and limiting
effects of her symptoms on the days around the infusion were not
entirely consistent with the medical evidence and other evidence
in the record.

In making that finding, the ALJ referenced medical records
and Mason's statements to medical providers concerning her
levels of daily activity and her symptoms on the days

surrounding her infusions. For example, the ALJ discussed
several medical records from 2019 on days immediately before
Mason's infusions, describing normal physical and mental exams,
with no indications of lethargy or decreased alertness. Admin.
Rec. at 130. She also discussed medical records from 2018 and
2019 on days following Mason's infusions in which medical
providers reported similar results. Id. at 129-30. In addition,
the ALJ discussed a November 2019 doctor's visit during which
Mason sought treatment for a headache and fever. Id. at 130.
During that visit, Mason mentioned feeling body aches and
fatigue, but stated that those symptoms were much worse than she
usually has on the day following an infusion. Id. Based on
Mason's statements in these medical records and her providers'
reports, the ALJ found Mason's statements concerning her
symptoms on the days surrounding her infusions to be
inconsistent with other evidence in the record.

Mason contends that the ALJ's discussion of her symptoms
around the day of her infusion is insufficient, because it is
merely "the ALJ reciting medical findings, which is an
occurrence in every such Administrative decision." Doc. no. 13
at 1. That is not the case. Although the ALJ's discussion of
Mason's complaints regarding the time period surrounding her
infusion could have been more focused, the ALJ addressed Mason's

complaints regarding her pre- and post-infusion symptoms and
explained why she found them inconsistent with other evidence in
the record. Thus, Mason's complaint regarding the ALJ's
discussion of those symptoms is not a sufficient basis to
reverse. See, e.g., Gill v. Colvin, No. 13-1792, 2014 WL
12906901, at *3 (1st Cir. Apr. 9, 2014) (holding that remand is
not required even where "the ALJ's opinion could have been more
explicit in her explanation"); Egan v. Astrue, No. 11-CV-147-JL,
2012 WL 274483, at *6 (D.N.H. Jan. 31, 2012) (granting the
Commissioner's motion to affirm, noting that "although the ALJ's
discussion could have been better developed, it was not so
lacking as to warrant a remand").

     A reasonable mind might accept as adequate the evidence
supporting the ALJ's conclusion. Therefore, the ALJ's decision
is supported by substantial evidence, and the court must affirm
the decision even if the record could support a different
conclusion. See, e.g., Gorham v. Saul, No. 18-cv-853-SM, 2019 WL
3562689, at *4 (D.N.H. Aug. 6, 2019) ("Provided the ALJ's
findings are properly supported by substantial evidence, the
court must sustain those findings even when there may also be
substantial evidence supporting the contrary position. Such is
the nature of judicial review of disability benefit
determinations.").

As a final matter, the court notes that the parties dispute whether the ALJ should have addressed whether Mason would need to miss at least one day of work per month to account for the time needed to administer her infusion. Mason testified that her infusion takes five to six hours to complete, effectively making it impossible for her to work for at least one day per month. The Acting Commissioner cites Mason's statement in one of her medical records that her infusion takes three-and-a-half hours to complete only, and that nothing in the record suggests that the infusion must be completed during the workweek.

The court need not decide whether the ALJ should have specifically addressed if Mason would need to miss work on the day that she receives her infusion. The vocational expert testified that each of the occupations listed in the ALJ's finding at Step Five would allow for an employee to miss one day of work per month. Therefore, even if the ALJ should have specifically addressed whether Mason needed to be absent from work on the day of her infusion, the ALJ's failure to do so amounts to harmless error. See Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000).

CONCLUSION

For the foregoing reasons, Mason's motion to reverse (doc. no. 10) is denied. The Acting Commissioner's motion to affirm (doc. no. 11) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

May 17, 2022

cc:  Counsel of Record.